# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JERMAINE RICHARDSON,

        Petitioner,    :    Case No. 3:21-cv-273

  - vs -                         District Judge Michael J. Newman
                                        Magistrate Judge Michael R. Merz

WANZA JACKSON-MITCHELL, Warden,
  Warren Correctional Institution,

                                    :
        Respondent.

## TRANSFER ORDER

      This is a habeas corpus action brought by Petitioner Jermaine Richardson under 28 U.S.C. § 2254 with the assistance of counsel. The Petition shows that Richardson was convicted in the Cuyahoga County Court of Common Pleas on his plea of guilty to a number of drug and theft offenses and sentenced to the term of imprisonment in Respondent's custody from which he now seeks release.

      Under 28 U.S.C. § 2241(d), in a State such as Ohio which "contains two or more Federal judicial districts, the application [for writ of habeas corpus] may be filed in the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." Petitioner is in custody in the Southern District of Ohio and this this Court has jurisdiction over the Petition.

      Nonetheless, § 2241(d) continues "[t]he district court for the district wherein such an

application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." In the undersigned's more than thirty-five years on the federal bench, it has been virtually the uniform practice in both the Southern and Northern Districts to exercise this discretion in favor of transfer. This was obviously more important in the time before electronic filing and when it was possible to hold evidentiary hearings in habeas, i.e., before the decision in *Cullen v. Pinholster*, 563 U.S. 170 (2011). While those advantages of the district of conviction have disappeared, the Magistrate Judge believes this case should be transferred for two reasons.

First of all, the Judicial Conference of the United States allocates resources on the basis of types of cases filed and habeas corpus cases are particularly relevant to allocation of Magistrate Judges. The District Court at Dayton has one new Magistrate Judge who took office in May 2021 upon the promotion of District Judge Newman, to whom this case is assigned. The other Dayton Magistrate Judge has announced her retirement for October 2021 and has not yet been replaced. Thus the transfer of this case aligns with the assignment of Magistrate Judge in the two courts.

Secondly, Petitioner's counsel relies heavily on a recent decision by District Judge Jeffrey Helmick of the Northern District.

> There is no such thing as "the law of the district." Even where the facts of a prior district court case are, for all practical purposes, the same as those presented to a different district court in the same district, the prior "resolution of those claims does not bar reconsideration by this Court of similar contentions. The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another." *State Farm Mutual Automobile Insurance Co. v. Bates,* 542 F. Supp. 807, 816 (N.D. Ga. 1982). Where a second judge believes that a different result may obtain, independent analysis is appropriate. *Id.*

*Threadgill v. Armstrong World Industries, Inc.,* 928 F.2d 1366, 1371 (3rd Cir. 1991). See also *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1124 (7th Cir. 1987) (district judges should not

2

treat decisions of other district judges as controlling unless doctrines of *res judicata* or collateral estoppel apply); *United States v. Article of Drugs Consisting of 203 Paper Bags*, 818 F.2d 569, 572 (7th Cir. 1987) (single district court decision has little precedential effect and is not binding on other district judges in the same district); *Starbuck v. City and County of San Francisco*, 556 F.2d 450, 457 n.13 (9th Cir. 1977 (same); *Farley v. Farley*, 481 F.2d 1009 (3rd Cir. 1973) (even a three judge decision of the district court is not necessarily binding on any other district court); and *EEOC v. Pan American World Airways*, 576 F. Supp. 1530, 1535 (S.D.N.Y. 1984) (district court decision was not binding even on other district courts in the same district).

In the absence of supervening case authority from the Supreme Court or the Court of Appeals, however, a court should as a matter of comity to colleagues and even-handed justice to litigants, follow decisions of its own judges. *See United States v. Hirschhorn*, 21 F.2d 758 (S.D.N.Y. 1927); Henry Campbell Black, *The Law of Judicial Precedents*, §104 (1912)[available at Google Books].

Even though Judge Helmick's decision may not be binding, it is likely to be persuasive to his colleagues. Familiar as the undersigned is with Judge Helmick's excellent reputation, this Court is less obliged to maintain consistency across judicial officers with Northern District judges.

The issue of the most appropriate venue for a habeas corpus case under § 2241(d) is a non-dispositive pretrial matter on which Magistrate Judges have authority to act in the first instance, subject to objection.

**Conclusion**

Accordingly, pursuant to 28 U.S.C. § 2241(d), the Clerk is ordered to TRANSFER this

case to the United States District Court for the Northern District of Ohio, Eastern Division, at Cleveland.

September 30, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge